UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-195-RJC-DCK

| SOFTWARE PRICING PARTNERS, LLC, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) | ORDER |
|  | ) |  |
| JAMES H. GEISMAN, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** comes before the Court on Plaintiff Software Pricing Partners, LLC's ("SPP") Motion for a Preliminary Injunction, (Doc. No. 4); and the parties' associated briefs and exhibits. On June 11, 2019, the Court heard oral arguments from counsel and testimony from Christopher Mele, the managing partner of SPP, regarding the pending motion. The matter is ripe for adjudication.[1]

Although preliminary injunctions are extraordinary remedies, the Court finds entering a narrowly tailored preliminary injunction here appropriate. Di Biase v. SPX Corp., 872 F.3d 224, 230 (4th Cir. 2017). In establishing the need for a preliminary injunction, a plaintiff must show that (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm if the preliminary injunction is not

---

[1] The Court is cognizant that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, (Doc. No. 20), is also currently pending before this Court and that the merits of that motion have yet to be adjudicated. Noting that Defendant has preserved that defense, the Court enters this order only on the ground of consent and need not reach the merits of the personal-jurisdiction question at this juncture. See infra at 2–3.

1

entered, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). A plaintiff must demonstrate more than just a "possibility" of irreparable harm and a strong showing of likelihood of success on the merits. Id. at 22.

Despite initially identifying a laundry list of purported trade secrets that it sought to enjoin Defendant from using or disclosing, upon oral arguments, Plaintiff admitted that it would be satisfied with the Court entering an injunction that only prohibits Defendant from using or disclosing the asterisked documents enumerated in Doc. No. 14-1, which contains a list of documents Defendant allegedly copied from SPP. (See Doc. No. 22 at 150; Doc. No. 29-1 at 151). Accordingly, the Court confines its inquiry to Plaintiff's more limited request.

The list SPP submitted contains 224 asterisked files, and SPP contends that these 224 files all contain confidential information and/or trade secrets. In response to SPP filing this exhibit, Defendant submitted a supplemental declaration. (See Doc. No. 17). Defendant maintains that he "do[es] not have these files on [his] computer," and that "if they do exist, they are left over from [his] days working at SPP, LLC (or perhaps older files from [his] SPP Corp. days) and were not the result of a June 2018 download)." (Id. ¶ 5). At the time Defendant submitted his declaration, and at the time of the hearing regarding the pending motion, Defendant was out of the country. Defendant promised in his Declaration that, when he returned home to Massachusetts, he would "gladly search [his] computer for these specific file names, and, if they exist, [ ] delete them (subject to instruction

from [his] counsel regarding [his] document preservation in this matter)." (Id.).

Accordingly, because Defendant has agreed to do the very thing that Plaintiff sought to obtain in filing its Motion for a Preliminary Injunction, the Court need not decide whether the 224 files contain actual trade secrets or confidential information at this early stage of litigation. Rather, through this Order, the Court memorializes Defendant's consent to delete any of the asterisked documents contained in Doc. No. 14-1 from his computer and to not use or disclose the contents of those documents.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Preliminary Injunction, (Doc. No. 4), is **GRANTED IN PART** and **DENIED IN PART.** Granted as to Plaintiff's request regarding Defendant's storage, use, and disclosure of the asterisked documents and their contents contained in Doc. No. 14-1, but denied as to all other requested relief initially alleged in the Motion due to Plaintiff narrowing its scope of requested relief at the hearing.

**SO ORDERED.**

Signed: August 6, 2019

Robert J. Conrad, Jr.
United States District Judge